LYLE W. HAMILTON, Petitioner, *v.* LINDA L. HAMILTON, Respondent.

No. 14184.
Submitted March 24, 1978.
Decided June 8, 1978.
580 P.2d 104.

Patterson, Marsillo, Tornabene & Schuyler, Missoula, for appellant.

Jon E. Ellingson, Missoula, on briefs, for respondent.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

On March 10, 1978, respondent, Linda L. Hamilton, filed a motion with this Court to vacate its order of February 21, 1978, issuing a stay of judgment from an order of the District Court, Missoula County, which had dismissed Lyle W. Hamilton's petition to change the custody provision of their divorce decree and which had ordered petitioner to return their son to respondent. The issue here is whether we should grant respondent's motion to vacate the stay of judgment.

When Linda and Lyle Hamilton were divorced on July 19, 1976, Linda received custody of their son Kaleb, age 3, and Lyle received custody of their daughter Kama, age 7. For a year after the divorce both mother and father continued to live in Missoula County. The father alleges that during this period of time, both Kaleb and Kama lived with him except for occasional visits with their mother. The mother alleges that possession of both children was shared jointly by the mother and father pursuant to their divorce agreement.

In May 1977, the father remarried and in early summer 1977, he and his new wife moved to Valier, Montana. At the same time, the mother moved to Texas. The father agreed to take temporary possession of Kaleb until the mother had completed her move and settled into a stable job and home environment in Texas.

After she had completed her move and had begun work in Texas, the mother requested the father to return Kaleb to her. When the father repeatedly refused, the mother, on January 5, 1978, filed a petition for a writ of habeas corpus in District Court, Pondera County, Montana. The same day the father filed a petition in Missoula District Court to change custody of Kaleb and moved for a temporary restraining order to prohibit the mother from removing Kaleb from the father's possession. Because the Missoula County District Court granted the father's temporary restraining order, the Pondera County District Court denied the mother's writ of habeas corpus. On January 16, 1978, the mother moved in Missoula County District Court to dismiss the father's petition for change of custody on the basis that the petition was brought within

two years of the original custody decree and the father had not established that Kaleb's present environment would endanger his physical, mental, moral or emotional health. Section 48-339(1), R.C.M.1947. On January 26, 1978, the District Court granted the mother's motion to dismiss and ordered Kaleb returned to the mother within ten days. At the same time, the District Court issued a stay of judgment pending the father's appeal to this Court.

The mother subsequently moved to lift the stay of judgment. On February 16, 1978, the District Court granted the mother's motion and again ordered Kaleb returned to his mother within ten days. On February 21, 1978, this Court, pursuant to the father's motion, issued a stay of judgment pending resolution of the father's appeal to this Court from the dismissal of his modification petition. The mother then filed the motion in question.

Rule 7(a), M.R.App.Civ.P., provides:

"Upon entry of a judgment or order a party may apply to the district court on notice or ex parte for a stay of the execution of the judgment or order * * *. On application, the Supreme Court in the interest of justice may suspend, modify, restore, or grant any order made under this subdivision."

Is it, therefore, "in the interest of justice" for this Court to vacate its February 21, 1978, order which stayed the District Court's judgment pending resolution of the father's appeal to this Court?

The Uniform Marriage and Divorce Act provides:

"No motion to modify a custody decree may be made earlier than two (2) years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health." Section 48-339(1), R.C.M. 1947.

A party seeking modification of a custody decree must submit together with his moving papers an affidavit setting forth *facts* supporting the requested modification. Section 48-340, R.C.M.1947.

Because the father is petitioning the modify custody within two years of the custody decree, he must set forth facts which

demonstrate that Kaleb's "present environment" may seriously endanger his physical, mental, moral or emotional health. The gravamens of the father's petition for modification, however, are the allegations in his affidavits that he has had possession of Kaleb since the date of the divorce and that the mother's actions in attempting to obtain custody of Kaleb through a writ of habeas corpus "* * * present a clear and present danger to the minor child's [Kaleb's] environment, which may seriously endanger his mental, moral or emotional health, in that if she is successful, the child [Kaleb] will be removed from the stable home environment * * *" provided by the father and his new wife and from the companionship of his sister Kama. (Affidavit of Lyle Hamilton, January 23, 1978.) This allegation does not bring the father within the exception of section 48-339. Kaleb's present environment, which is with his father, is not a danger to his physical, mental, moral or emotional health. Certainly, removal of Kaleb from his father and sister may cause trauma, but the father makes no allegation concerning what kind of environment the mother would provide nor how Kaleb would function in that environment. The fact remains that legal custody of Kaleb is presently with the mother. We therefore, hold that the interests of justice require us to vacate the stay of judgment.

The motion to vacate is granted and Kaleb is ordered returned to his mother within 15 days.

MR. JUSTICES DALY, SHEA, HARRISON and SHEEHY concur.